**MAJOR INVESTMENTS, INC.,**
**Appellant,**

v.

**Maria Solalinde DE CASTILLO,**
**Appellee.**

**No. 13–83–328–CV.**

Court of Appeals of Texas,
Corpus Christi.

May 10, 1984.

Rehearing Denied June 14, 1984.

William E. Corcoran, Cardenas & Whitis, McAllen, for appellant.

Nolan Stutzman, Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is a summary judgment case. Appellee, Maria Elena Solalinde de Castillo, brought suit against appellant, Major Investments, Inc., seeking the return of money paid by her on a contract for the purchase of a condominium. She contended that the contract was void and unenforceable or, alternatively, that Major Investments, Inc., breached the contract. The trial court granted plaintiff Castillo's motion for summary judgment. Major Investments, Inc., brings this appeal. We reverse the judgment of the trial court.

On September 5, 1981, appellee entered into an earnest money contract with Major Investments, Inc., for the purchase of a condominium which was to be built in Dunlyn Acres in McAllen, Texas. Appellee testified in her deposition that she signed the contract without her husband's knowledge. She further testified that her husband did not like the contract for reasons which she did not specify. Appellee claims that she attempted to obtain financing but was unable to do so. She notified appellant and requested the return of the earnest money. Appellant refused to return her money, whereupon she filed suit against Major Investments and obtained a summary judgment.

Appellant brings forward the sole point of error that the trial court erred in granting the appellee's motion for summary judgment. A similar general point of error has been accepted by the Texas Supreme Court in *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119 (Tex.1970). Appellant, in responding to the motion for summary judgment, urges for reversal the contention that issues of fact exist, specifically: whether appellee ever made payments; whether the appellee used good faith in obtaining financing; and whether there was a breach of contract by either party.

We will first address the appellant's claim that a fact issue exists with regard to whether appellee, in good faith, attempted to obtain financing. The contract in question called for a purchase price of $74,-950.00. The down payment on the contract was $14,990.00, which was paid in installments by Mrs. Solalinde de Castillo and her husband.

The contract included the following financing conditions:

4. FINANCING CONDITIONS: This contract is subject to approval for Buyer of a *Conventional* or Conventional private mortgage insured third party loan (the loan) of not less than the amount of the Note, amortizable monthly for not less than *30* years, with interest not to exceed *to be determined before completion of unit* percent per annum and approval of any third party Second Note. Buyer shall apply for all financing within *45* days and shall make every reasonable effort to obtain approval. If all financing cannot be approved *by closing*, this contract shall terminate and Earnest

Money shall be refunded to Buyer without delay.[1]

Appellee claims she attempted in good faith to obtain financing. Appellant on the other hand contends that an issue of fact exists as to whether appellee attempted in good faith to obtain financing, and whether she made "every reasonable effort to obtain approval." We agree that a fact issue exists. In her affidavit, appellee states on May 26, 1982 she applied to Jefferson Savings and Loan Association in McAllen for a loan to finance the balance of the purchase price on the condominium. She claims that she was rejected because she had insufficient assets and income. She asserts that she is certain that she would not qualify at any other conventional lending institution. The affidavit of R.L. Knudsen, an Assistant Vice-President of the Jefferson Savings and Loan Association, was included as summary judgment proof. He testified that, at the time of the application, appellee did not evidence sufficient income from employment or assets to qualify for a loan. Therefore, it was necessary to reject her loan application. Appellee's deposition revealed that the Jefferson Savings & Loan Association was the only bank to which appellee applied for a loan.

■ The movant in a summary judgment proceeding has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Town North Nat. Bank v. Broaddus*, 569 S.W.2d 489 (Tex. 1978). All doubts concerning the existence of a material fact question are to be resolved against the party moving for summary judgment and the evidence viewed in a light most favorable to the non-movant. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975).

■ A summary judgment may be based on the affidavit of an interested witness. However, the affidavit must be clear, positive and direct, otherwise credible and free from contradictions and *could have been readily controverted*. TEX.R.

CIV.P. 166–A; *Bankers Commercial Life Insurance Co. v. Scott*, 631 S.W.2d 228 (Tex.App.—Tyler 1982, writ ref'd n.r.e.); *A & S Electrical Contractors, Inc. v. Fischer*, 622 S.W.2d 601 (Tex.App.—Tyler 1981, no writ). Appellee's affidavit does not meet this test. She claims that she attempted to obtain financing in good faith. Her affidavit, however, is a self-serving statement of her intentions and beliefs. Issues of good faith and whether appellee made every reasonable effort are not susceptible to being readily controverted. They are best left to the fact finder for determination.

While the affidavits of appellee and Knudsen may be some evidence that appellee attempted in good faith to obtain financing, they do not establish this issue as a matter of law. Appellant's first point of error is sustained.

Appellant also asserts there is a fact issue with regard to whether there were payments made on the contract. The record reflects that $14,990.00 worth of escrow deposit checks were paid. One check for $4,500.00 was signed by Mrs. Solalinde de Castillo on September 5, 1981. Two checks were signed by appellee's husband, one for $2,995.00 on September 25, 1981, and the other for $7,495.00, signed on January 16, 1982.

■ Appellee asserts that it is irrelevant whether payments were made by her personally or by another in her behalf. The record shows that some of the escrow deposit checks were signed by appellee's husband. Appellant filed a plea in abatement and an Amended Response to the Motion for Summary Judgment, claiming that the appellee's husband was an "indispensable" party to the suit. Privity of contract is an essential element of recovery on an action based upon a contract. *Graham v. Turcotte*, 628 S.W.2d 182 (Tex.App.—Corpus Christi 1982, no writ); *Republic National Bank v. National Bankers Life Insurance Co.*, 427 S.W.2d 76 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.); *Gehl*

1. Information in italics was typed on the contract, rather than part of the printed form.

*Brothers Manufacturing Co. v. Price's Producers, Inc.,* 319 S.W.2d 955 (Tex.Civ. App.—El Paso 1958, no writ). As a part of the summary judgment proof, a copy of the contract is in the record. Appellee's husband was not a party to the contract. Since her husband was not a party to the contract, he is, therefore, not indispensable to this lawsuit. If appellee's husband had asserted his status as a third-party beneficiary, he may have been a proper party to the lawsuit.

Appellee also claimed that the contract she entered into is void because of appellant's failure to comply with TEX.REV. CIV.STAT.ANN. art. 6626c (Vernon Supp. 1984), TEX.REV.CIV.STAT.ANN. art. 1301 (Vernon 1980), and TEX.BUS. & COM. CODE ANN. sec. 26.01 (Vernon Supp. 1984).

 She contends that the above fact issues presented are, in essence, irrelevant because the contract between her and Major Investments, Inc., was void *ab initio.* Appellee contends that this is so because appellant failed to comply with TEX.REV. CIV.STAT.ANN. art. 6626c, titled "Recording Maps or Plats of Subdivisions of Real Estate." This article states that:

"No party shall file for record or have recorded in the official records in the County Clerk's office any map or plat of a subdivision or resubdivision of real estate without first securing approval therefor as may be provided by law, and no party so subdividing or resubdividing any real estate shall use the subdivision's or resubdivision's description in any deed of conveyance or contract of sale delivered to a purchaser unless and until the map and plat of such subdivision or resubdivision shall have been duly authorized as aforesaid and such map and plat thereof has actually been filed for record with the Clerk of the County Court of the county in which the real estate is situated."

Appellant contends, rightfully so, that the contract in question does not come within the parameters of art. 6626c, primarily because the contract in the case at bar did not constitute a Contract for Sale or a Deed of Conveyance.

The summary judgment proof in the record includes a copy of the contract between the parties. It contains a metes and bounds property description and not a subdivision (lot and block) description:

"A tract of land containing 10.00 acres, more or less, being the West 5.70 acres out of the North 11.1 acres out of Lot 5 and the West 4.30 acres out of the South 8.38 acres out of Lot 6, all out of Block 8, A.J. McColl Subdivision, Hidalgo County, Texas and being more particularly described as follows:

BEGINNING at the Southwest corner of Lot 6;

THENCE, with and along the West line of Lot 6, North a distance of 250.31 feet to the Northwest corner of the tract herein described;

THENCE, parallel to the South line of Lot 6, East a distance of 749.0 feet to the Northeast corner of the tract herein described;

THENCE, parallel to the West line of Lot 6, South at 250.31 feet pass the South line of Lot 6, same being the North line of Lot 8, a total distance of 581.74 feet to the Southeast corner of the tract herein described;

THENCE, parallel to the North line of Lot 8, West a distance of 749.0 feet to a point in the West line of Lot 8, said point being the Southwest corner of the tract herein described;

THENCE, with and along the West line of Lot 8, North a distance of 331.43 feet to the corner of beginning, said tract containing 10.00 acres, more or less, said tract also being the Dunlyn Acres Subdivision, Phase I, unrecorded."

The contract states that the property was known as Unit No. 49, Building O, Dunlyn Acres.

It is undisputed that the map or plat of the subdivision or resubdivision was not filed of record and all of the approvals and recordings of the subdivision did not take place until January, 1982, several months

after the contract was entered into by the parties.

We agree with appellant that the contract in question does not come within the parameters of art. 6626c. The contract here does not depend on an unrecorded plat for its description. It utilizes a metes and bounds description. The appellants did not use the subdivision's description in the contract which is the subject matter of this lawsuit. The statute describes sanctions to be applied when the description of the subdivision is used in a contract and the map or plat of the subdivision has not been recorded. The contract was not void on this ground because the description of the subdivision was not used. This particular contract did not come within the purview of art. 6626c.

■ Appellee also claims the contract was void, and the fact issues are not relevant because it was entered into in violation of TEX.REV.CIV.STAT.ANN. art. 1301a, Sections 3, 4 (Vernon 1980). These sections provide:

"Section 3. 'When a developer ... of a building or buildings or proposed building or buildings expressly declares, through the recordation of a master deed, lease, or declaration, which shall set forth the particulars enumerated by section 7 their desire to submit the property to the regime established by this act, there shall be thereby established a condominium regime.

Section 4. Once the property is submitted to the condominium regime, an apartment in the project may be individually conveyed and encumbered and may be the subject of ownership, possession or sale and of all types of judicial acts, as if it were entirely independent of the other apartments in the project of which they form a part, and the corresponding individual titles and interests shall be recordable.' "

Appellee states that the clear intent of the legislature is that the establishment of the condominium regime is a prerequisite to the independent sale of the condominium units. It is undisputed that the earnest money contract had been executed before the condominium regime had been established by declaration.

Although we may agree that the plain meaning of the statute appears to be that a submission of a condominium regime is a prerequisite to the conveyance of the individual units, appellee cites no statutory or case law authority to support her contention that the failure to comply with art. 1301a secs. 3, 4 renders the contract void as a matter of law. Unlike art. 6626c sec. 2, which is penal in nature and contains language to the effect that any violation of art. 6626c sec. 1 shall constitute prima facie evidence of an attempt to defraud, art. 1301a does not contain a similar provision for failure to comply. We hold that the contract was not void as a matter of law.

■ Appellee also asserts that the contract is vague and indefinite and is wholly insufficient under the provisions of TEX. BUS. & COM.CODE ANN. sec. 26.01 (Vernon Supp.1984). Generally, for a contract to meet the requirements of the statute of frauds in an issue concerning the description of property, the contract must furnish, within itself or by reference to some other existing writing, the means or data by which the particular land which is to be conveyed may be identified with reasonable certainty. *Westland Oil Development Corp. v. Gulf Oil,* 637 S.W.2d 903 (Tex. 1982); *Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150 (1945).

■ Here, the property description cited earlier in this opinion allows the land involved to be identified with reasonable certainty and is not vague and indefinite. It describes a ten-acre tract upon which Unit 49, Building O, a condominium, will be built. Because, at the time the contract was executed, the condominium project had not been built, a more precise description of the property would have been difficult to obtain. The land which was to be conveyed could be identified with reasonable certainty from the description given. We hold that the contract was not void *ab initio.*

The summary judgment is reversed, and the case is remanded for a trial on all the issues of fact.