Ronnie NEWMAN, Petitioner,

v.

Paul OBERSTELLER and Susan D. Obersteller as Next of Friend of Kurt Obersteller, Respondents.

No. 96–0374.

Supreme Court of Texas.

April 18, 1997.

William S. Helfand, Lisa C. Bingham, Houston, for petitioner.

William J. Kelly, Corpus Christi, for respondents.

ENOCH, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, GONZALEZ, HECHT, CORNYN, SPECTOR, OWEN and BAKER, Justices, join.

The issue in this case is whether section 101.106 of the Civil Practice and Remedies Code confers immunity on government officials once a suit against a governmental unit arising out of the same facts has proceeded to judgment. The court of appeals held that it had no jurisdiction to consider the interlocutory appeal under section 51.014(5) of the Civil Practice and Remedies Code because section 101.106 is not an immunity statute.

915 S.W.2d 198, 201. We disagree. We reverse the judgment of the court of appeals and render judgment for the official.

Kurt Obersteller, a student at Flour Bluff High School, participated in several sports under the supervision of Ronnie Newman, the Flour Bluff Independent School District's head coach and athletic director. Obersteller alleges that Newman mistreated him, causing him emotional damage. He and his parents sued the school district and Newman for intentional infliction of emotional distress and conspiracy to intentionally inflict emotional distress.

The school district sought summary judgment claiming governmental immunity. TEX. CIV. PRAC. & REM.CODE § 101.001–101.109. Newman also sought summary judgment claiming immunity. TEX. EDU.CODE § 21.912, *repealed by* Acts 1995, 74th Leg., ch. 260, § 58(a)(1), eff. May 30, 1995. The trial court granted summary judgments for both Newman and the school district. The trial court later vacated the summary judgment for Newman upon the Oberstellers' motion to reconsider. The trial court severed the case against the school district from the case against Newman. Thus, the summary judgment for the school district is a final judgment. The Oberstellers did not challenge the summary judgment for the school district.

Newman then appealed under section 51.014(5) of the Civil Practice and Remedies Code. The court of appeals held the appeal was premature because it was an appeal from the grant of the motion to reconsider rather than a denial of a motion for summary judgment. 915 S.W.2d at 199. The court of appeals abated the appeal on Newman's motion. *Id.* at 199–200. Newman then filed a second motion for summary judgment which asserted an affirmative defense of immunity under section 101.106 of the Civil Practice and Remedies Code and section 21.912 of the Education Code. *Id.* at 200. That motion was denied, and Newman appealed. *Id.*

Section 101.106 reads as follows:

A judgment in an action or settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the gov-

ernmental unit whose act or omission gave rise to the claim.

TEX. CIV. PRAC. & REM.CODE § 101.106. The court of appeals interpreted section 101.106 as a limitation and bar statute, not an immunity statute. 915 S.W.2d at 201. Other courts of appeals have held that section 101.106 is an immunity statute. *See City of Galveston v. Whitman,* 919 S.W.2d 929, 932 (Tex.App.—Houston [14th Dist.] 1996, writ denied); *Davis v. Mathis,* 846 S.W.2d 84, 88 (Tex.App.—Dallas 1992, no writ). We have jurisdiction to resolve this conflict. *See* TEX. GOV'T CODE §§ 22.001 (a)(2) and 22.225(c).

Section 101.106 provides that a judgment in an action against a governmental unit *bars any action* against an employee. TEX. CIV. PRAC. & REM.CODE § 101.106; *Thomas v. Oldham,* 895 S.W.2d 352, 355 (Tex.1995). The Texas Tort Claims Act is a waiver of governmental immunity by the state for certain actions. TEX. CIV. PRAC. & REM.CODE § 101.025. However, the Legislature has provided some exceptions to this waiver, one of which is an action against an individual employee when a suit against a governmental entity involving the same subject matter has proceeded to judgment. TEX. CIV. PRAC. & REM.CODE § 101.106. The language "bars any action" is an unequivocal grant of immunity in this context. That section 101.106 does not use the word "immunity" is of no consequence. Our reading of section 101.106 is consistent with the structure and intent of the Tort Claims Act. It is also consistent with section 51.014(5), which protects public officials asserting an immunity defense from the litigation process. *See Gonzalez v. Avalos,* 866 S.W.2d 346, 353 n. 1 (Tex.App.—El Paso 1993) (Larsen, J., concurring), *writ dism'd w.o.j. per curiam,* 907 S.W.2d 443 (Tex.1995). The unchallenged summary judgment for the school district renders Newman immune from any further action in this matter.

The Oberstellers argue that the court of appeals had no jurisdiction to consider Newman's appeal because Newman, when he first appealed, was late in filing the statement of facts, the transcript, and the brief. We disagree. Rule 42 of the Texas Rules of Appel-

late Procedure provides that although late filing of the record or the appellant's brief in an accelerated appeal is a ground for dismissal or affirmance, it affects neither the court of appeals' jurisdiction nor its authority to consider the documents. TEX. R.APP. P. 42(a)(3).

■ The Oberstellers also claim that Newman did not properly perfect his appeal from the denial of the summary judgment because he did not again bring forward the record or post a second bond. Newman's original appeal was premature and subject to dismissal for want of jurisdiction had it not been abated. Under Rule 58(a) of the Texas Rules of Appellate Procedure, all documents presented to the court of appeals in the premature appeal may be considered in the subsequent appeal. TEX.R.APP. P. 58(a). Thus, Newman's appeal was properly perfected.

We conclude that section 101.106 is an immunity statute. Therefore, the court of appeals erred by not exercising jurisdiction over Newman's interlocutory appeal under section 51.014(5). We hold that section 101.106 renders Newman immune from further action in this matter. Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, this Court grants Newman's application for writ of error and, without hearing oral argument, reverses the court of appeals' judgment declining jurisdiction. TEX.R.APP. P. 170. Further, under Rule 180 of the Texas Rules of Appellate Procedure, this Court renders judgment that the Oberstellers take nothing. TEX.R.APP. P. 180.

ABBOTT, J., filed dissenting opinion.

ABBOTT, Justice, dissenting.

By saying that a bar is immunity, the Court today equates apples with oranges. Because I believe that the concepts are distinct and that the Court oversteps its bounds in expanding the scope of Section 51.014(5) and misinterpreting Section 101.106, I dissent.

Unless a statute specifically authorizes an interlocutory appeal, an appeal may be taken only from a final judgment. *North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). The Legislature determines,

by statute, whether a particular type of pre-trial ruling may be appealable before a final judgment is rendered. In this case, the court of appeals correctly determined that Section 51.014(5) does not authorize an interlocutory appeal of the denial of a motion for summary judgment based on Section 101.106.

Section 51.014 provides five categories of pre-trial rulings that may be appealed on an interlocutory basis. *City of Houston v. Kilburn,* 849 S.W.2d 810, 811 (Tex.1993). Section 51.014(5), which creates a limited right to an interlocutory appeal for summary judgment claims based on immunity, provides:

> A person may appeal from an interlocutory order of a district court, county court at law, or county court that ... denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state.

TEX. CIV. PRAC. & REM.CODE § 51.014(5). By its express terms, this narrow provision relates only to claims of *immunity*. A defense based on Section 101.106 does not involve an assertion of immunity, and therefore does not come within the scope of Section 51.014(5).

Section 51.014(5) contemplates direct grants of immunity. An immunity is an exemption, and in the context of Section 51.014(5), the exemption applicable to officers or employees of the state or a political subdivision of the state takes the form of *qualified immunity.* *Kilburn,* 849 S.W.2d at 812. "Qualified immunity" is "one of several interchangeable terms," including "official immunity," "quasi-judicial immunity," "discretionary immunity," and "good faith immunity," used to refer to an affirmative defense available for government employees sued in their individual capacities. *Id.* at 812 n. 1 (citing *Travis v. City of Mesquite,* 830 S.W.2d 94, 100 n. 2, 102–03 (Tex.1992) (Cornyn, J., concurring)).

This Court has consistently noted that Section 51.014(5) is based on qualified immunity. In *Travis v. City of Mesquite,* 830 S.W.2d 94 (Tex.1992), we stated that "the Legislature amended Section 51.014 of the Texas Civil Practices and Remedies Code in 1989 to al-

low a government employee an interlocutory appeal of an order denying a summary judgment based on *official immunity." Id.* at 102 n. 4. We underscored that Section 51.014(5) reveals "just how important the legislature considers the defense of *official immunity* for government employees to be." *Id.* (emphasis added). *See also City of Beverly Hills v. Guevara,* 904 S.W.2d 655, 656 (Tex.1995)("[S]ection 51.014(5) . . . authorizes interlocutory appeals of motions for summary judgment based on *official immunity.")* (emphasis added); *Kilburn,* 849 S.W.2d at 812 ("Section 51.014(5) provides that the denial of a motion for summary judgment may be appealed if it 'is based on an assertion of' *qualified immunity.")* (emphasis added).

Newman's claim to immunity is premised on the bar provision in Section 101.106 of the Texas Tort Claims Act. That section is not a grant of immunity, direct or indirect, and does not fall within the ambit of Section 51.014(5). Section 101.106 provides:

> A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

TEX. CIV. PRAC. & REM.CODE § 101.106. As is plain from this language, a defense under Section 101.106 does not address any of the elements of an official or qualified immunity defense. *See City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994) ("Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority."). Instead, the employee must prove only the existence of the requisite judgment or settlement of a claim against the governmental unit. Clearly, this defense is a concept completely different from that contemplated by Section 51.014(5).

The Court today holds that Section 101.106 confers immunity upon government employees. Without authority, the Court makes the sweeping statement that the language "bars any action" is "an unequivocal grant of immunity." 960 S.W.2d 622. I fail to see how

such language can "unequivocally" grant a right that it does not even mention. If the Legislature had intended Section 101.106 to confer immunity, it could have expressly said so rather than using ambiguous language. *See, e.g.,* TEX. CIV. PRAC. & REM.CODE § 101.026 ("Individual's Immunity Preserved."). The Court's conclusion creates more confusion than clarity.

The Court asserts that the fact that Section 101.106 does not use the word "immunity" "is of no consequence." 960 S.W.2d 622. Such inexact statutory interpretation will surely be the bane of judges, lawyers, and litigants for years to come. The Legislature's failure to include any language in Section 101.106 referable to immunity *is* significant, as is its choice of the term "bar." A "bar" is a plea "constituting a sufficient answer to an action at law; so called because it *bar[s], i.e.,* prevent[s], the plaintiff from further prosecuting it with effect, and, if established by proof, defeat[s] and destroy[s] the action altogether." BLACK'S LAW DICTIONARY 102 (6th ed. 1991) (emphasis in original). This is the exact function of Section 101.106. *See Thomas v. Oldham,* 895 S.W.2d 352, 355 (Tex.1995). Further, this function is unequivocally different from that of an immunity.

The structure and language of Chapter 101 of the Tort Claims Act also compel the conclusion that Section 101.106 is not an immunity, but a bar. Subchapter A of the Act sets forth general provisions of the Act. TEX. CIV. PRAC. & REM.CODE §§ 101.001–.003. Subchapter B establishes "tort liability of governmental units" by waiving sovereign immunity in specific circumstances. *Id.* §§ 101.021–.028. Subchapter C sets forth "exclusions and exceptions" to tort liability (*i.e.,* immunities). *Id.* § 101.051–.061. Whenever the Legislature intended to preserve immunity, it did so expressly. For example, Section 101.026, entitled "Individual's Immunity Preserved," states: "To the extent an employee has individual immunity from a tort claim for damages, it is not affected by this chapter." *Id.* § 101.026. In each "exclusion and exception" section of Subchapter C, the statute provides that "this chapter does not apply" to a particular entity or

claim. *See, e.g., id.* § 101.051 ("Except as to motor vehicles, this chapter does not apply to a school district or to a junior college district."). Such language of exception or immunity is conspicuously absent from Section 101.106. Further, Section 101.106 is not even located in the "exclusions and exceptions" subchapter. Instead, Section 101.106 is located in Subchapter D, entitled ."Procedures." *Id.* §§ 101.101–.109. This subchapter provides the procedural requirements for notice, commencement of suit, legal representation, settlement, and payment and collection of judgments. Thus, the court of appeals correctly determined that Section 101.106 is merely a bar, not a grant of immunity. A contrary conclusion gives the erroneous appearance that the Legislature did not know what it was doing.

Nevertheless, the Court today interprets this procedural bar provision as a grant of immunity entitling the claimant to an interlocutory appeal. In so doing, the Court improperly expands this traditionally limited right to interlocutory appeal. The opportunity for appeal of an interlocutory order under Section 51.014(5) is "rare" and should be limited to the express terms of the statute granting the right. *See Travis v. City of Mesquite*, 830 S.W.2d 94, 102 n. 4 (Tex.1992)(Cornyn, J., concurring). It is not the province of this Court to expand this limited statutory provision, no matter the policy rationale behind such an expansion. *See Public Util. Comm'n v. Cofer*, 754 S.W.2d 121, 124 (Tex.1988) ("We are not free to rewrite the statutes to reach a result we might consider more desirable."). The Court today creates a right to an interlocutory appeal where none exists. The proper forum for the creation of such a right is the Legislature, which could provide a statutory method for appealing orders based on Section 101.106. This the Legislature has failed to do, and we are bound by its decision.

Today, convenience prevails over correctness.