V02656.CP1



 








NUMBER 13-02-656-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 

 



ARTHUR O. LINSKEY, Appellant,



v.




MARION SHIRAH, Appellee.

 

On appeal from the 139th District Court of Hidalgo County, Texas.

 



MEMORANDUM OPINION


Before Justices Hinojosa, Yañez, and Garza

Opinion by Justice Yañez



 In this interlocutory appeal of the trial court's order denying his motion for summary judgment, (1) appellant, Arthur O.
Linskey, contends he is entitled to summary judgment as a matter of law because his governmental employer, Tropical
Texas Center for Mental Health and Mental Retardation ("MHMR"), was granted summary judgment in full, including all
claims against it based on Linskey's alleged conduct. We agree, and reverse and render judgment in Linskey's favor.

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. See Tex. R.
App. P. 47.4.

 Linskey moved for summary judgment under section 101.106 of the Texas Tort Claims Act, which provides governmental
immunity as follows:

A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by
the claimant against the employee of the governmental unit whose act or omission gave rise to the claim. 



Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 1997). 

 The Texas Supreme Court has held that "the immunity conveyed to a governmental unit's employees by Section 101.106 is
triggered by any judgment in an action against a governmental unit, including a judgment in favor of a governmental unit." 
Bossley v. Dallas County Mental Health and Mental Retardation, 968 S.W.2d 339, 343-44 (Tex. 1998) (citing Newman v.
Obersteller, 960 S.W.2d 621, 622 (Tex. 1997)). "Same subject matter" in section 101.106 means "arising out of the same
actions, transactions, or occurrences." Id.at 344. 

 Here, appellee's claims against both MHMR and Linskey arise from the same occurrence: alleged defamation relating to an
article prepared and presented by Linskey. After the case was removed to federal district court, Judge Hilda Tagle granted
summary judgment on August 9, 2000, disposing of all claims against all defendants except the defamation claim against
Linskey. 

 Linskey filed a motion for summary judgment asserting the defense of immunity under section 101.106. See Tex. Civ.
Prac. & Rem. Code Ann. § 101.106 (Vernon 1997). As summary judgment evidence, he attached a copy of the federal court
judgment and a copy of appellee's live pleading showing the defamation claims against MHMR and Linskey were based on
the same subject matter. 

 We hold that section 101.106 renders Linskey immune from further action in this matter. Accordingly, we REVERSE the
trial court's order denying summary judgment and RENDER judgment in Linskey's favor. 



 

LINDA REYNA YAÑEZ

Justice

 



Opinion delivered and filed this the

22nd day of May, 2003.





 

1. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (a)(5) (Vernon Supp. 2003) ("A person may appeal from an
interlocutory order of a district court . . . that . . . denies a motion for summary judgment that is based on an assertion of
immunity by an individual who is an officer or employee of the state or a political subdivision of the state . . ."); see also
Newman v. Obersteller, 960 S.W.2d 621, 623 (Tex. 1997) (the denial of a claim under an immunity statute may be
appealed under section 51.014(a)(5)).