# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

====
## NO. 03-09-00293-CV
====

**Janet Carroll, Appellant**

**v.**

**Kristi Donau, Shonna Tobias, Karla McKinney, Melissa Migl, Katie Watson,
Leah Delafield, Nathan Lofgren, and SoonCha Sherman, Appellees**

====
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-09-000929, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING
====

## M E M O R A N D U M   O P I N I O N

Janet Carroll appeals a final summary judgment on her health care liability claims against eight nurses—Kristi Donau, Shonna Tobias, Karla McKinney, Melissa Migl, Katie Watson, Leah Delafield, Nathan Lofgren, and SoonCha Sherman (collectively, the "Seton nurses").[1] The Seton nurses had relied on the tort claims act's election-of-remedies provision. In two issues, Carroll urges that the district court erred in holding that claims she had previously asserted against the nurses' employer had the effect of barring her claims against the nurses. We conclude that the district court did not err and affirm the judgment.

---

[1] This appeal arises from the same proceeding described in *Hayes v. Carroll*, ___ S.W.3d ___, No. 03-08-00217-CV, 2010 WL 1930151 (Tex. App.—Austin May 14, 2010, no pet.). Another related appeal, *Carroll v. Humsi*, No. 03-09-00293-CV, remains pending before the Court.

## BACKGROUND

According to Carroll's pleadings, on September 1, 2006, after she was found unconscious in a diabetic coma, EMS transported her to Austin's Brackenridge Hospital. While attempting to resuscitate Carroll, EMS placed an IV line below her right knee. After removal of that IV line, EMS wrapped an ACE bandage over the area. Upon Carroll's arrival at Brackenridge, she was treated in the emergency room and then admitted to the ICU. She remained unconscious and in shock on September 1 and 2. During this time, she continued to receive treatment that included the administration of a substantial amount of fluids. Carroll alleges that the ACE bandage was never checked, removed or loosened until late on September 2. She further alleges that the pressure of the bandage combined with the fluid administration caused a tourniquet-like effect, which ultimately damaged her lower leg so severely that it had to be amputated above the knee.

At relevant times, Brackenridge Hospital has been managed and operated by Seton Healthcare Network (f/k/a Daughters of Charity Health Services of Austin) under a contract with the Travis County Hospital District. There is no dispute that Seton in this regard is a "hospital district management contractor" that is deemed a "governmental unit" entitled to the protections of the tort claims act and whose employees are considered "employees" of the hospital district under the act. *See* Tex. Health & Safety Code Ann. §§ 285.071, .072 (West 2010).

In May 2007, Carroll brought a health care liability claim against Seton, alleging negligence. In October 2007, Carroll amended her petition to add the Seton nurses and other health care providers as defendants. Seton filed a motion to dismiss the Seton nurses from the suit based on the tort claims act's election-of-remedies provision. *See* Tex. Civ. Prac. & Rem. Code

2

Ann. § 101.106(a), (e) (West 2005). On March 6, 2008, the district court denied the motion. Seton took an interlocutory appeal from this ruling. After briefing but before submission of this appeal, Carroll nonsuited Seton in the underlying litigation. Carroll then filed a motion to dismiss the appeal based on lack of jurisdiction, which we granted. *See Daughters of Charity Health Svcs. of Austin v. Carroll*, No. 03-08-00187-CV, 2008 WL 4951247 (Tex. App.—Austin Nov. 21, 2008, order) (mem. op.).

In the meantime, the Texas Supreme Court had issued its opinion in *Mission Consolidated Independent School District v. Garcia*, in which the court addressed the applicability of the tort claims act's election-of-remedies provision in tort suits that fell outside the act's waivers of immunity. *See* 253 S.W.3d 653, 658-59 (Tex. 2008). After the interlocutory appeal's dismissal, the Seton nurses sought summary judgment based on election of remedies. This time, the district court granted the motion and dismissed Carroll's claims against the Seton nurses. These claims were later severed, making the dismissals final. This appeal followed.

## ANALYSIS

The Seton nurses' summary-judgment motion was based on two subsections of the tort claims act's election-of-remedies provision, section 101.106 of the civil practice and remedies code, as amended in 2003. First, the Seton nurses relied on subsection (a) of section 101.106:

> The filing of a suit *under this chapter* against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a) (emphasis added). In the alternative, the

Seton nurses relied on subsection (e):

> If a suit is filed *under this chapter* against both a governmental unit and any of its
> employees, the employees shall immediately be dismissed on the filing of a motion
> by the governmental unit.

*Id.* § 101.106(e) (emphasis added). As noted, there is no dispute that Seton is a "governmental unit"

and that the Seton nurses are its "employees" with respect to Carroll's suit. The parties join issue,

rather, as to whether Carroll's suit against Seton was a "suit under this chapter" constituting an

irrevocable election that barred her recovery against the Seton nurses. In her first issue, Carroll urges

that her suit against Seton was not "under this chapter" because her claims against Seton did not

come within any of the tort claims act's waivers of sovereign immunity. Relatedly, in her second

issue, Carroll decries the "logical absurdity of a situation where [she] cannot prevail against Seton

because her claims do not come under the TTCA, yet her otherwise valid claims against the nurse

employees will be dismissed on the theory that her claims somehow *are* claims under the TTCA."

The Texas Supreme Court's decision in *Garcia* forecloses Carroll's arguments and

requires us to affirm. *See* 253 S.W.3d at 658-59. In *Garcia*, employees who had been terminated

by a school district sued the district and its superintendent for intentional infliction of emotional

distress and the superintendent only for defamation, fraud, and negligent misrepresentation. The

district sought dismissal under subsection (b) of section 101.106, which provides that the "filing of

suit against any employee of a governmental unit . . . immediately and forever bars any suit or

recovery by the plaintiff against the governmental unit regarding the same subject matter." *Id.* at 655

4

(quoting Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b)). The trial court denied the motion, and the court of appeals affirmed. *See id.* In addressing the parties' contentions on appeal, the supreme court construed section 101.106 as a whole and analyzed the implications of other subsections, including subsection (e). *See id.* at 657-59. The supreme court rejected the reasoning of the court of appeals that none of the claims had been brought "under this chapter" under (e) because they did not fit within one of the tort claims act's waivers of immunity. *See id.* at 658-59. Reaffirming precedent under the pre-2003 version of section 101.106, the court reasoned that "[b]ecause the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." *Id.* at 658-59 (citing, *e.g.*, *Harris County v. Sykes*, 136 S.W.3d 635, 640 (Tex. 2004); *Dallas County Mental Health & Retardation v. Bossley*, 968 S.W.2d 339, 344 (Tex. 1998); *Newman v. Obersteller*, 960 S.W.2d 621, 622-23 (Tex. 1997)).

Carroll's arguments rest upon the same reasoning that the supreme court rejected in *Garcia*—that her suit against Seton (here, a governmental unit) was not "under" the tort claims act because it did not come within one of the act's waivers of immunity. To the contrary, under *Garcia*, what matters is that Carroll asserted common-law tort claims against Seton, regardless of whether the act waived immunity as to those claims. *See id.* at 658-59.

On appeal, Carroll acknowledges the existence of "cases out there that one can cite for the proposition that 'all cases against the state must be [tort claims act] cases.'"[2] Nonetheless, she urges that any such cases are "logically flawed" and inconsistent with "the main body of Supreme Court caselaw." In support of this assertion, Carroll cites precedents that analyze whether claimants have alleged facts within one of the tort claims act's waivers of immunity.[3] However, whether a claimant has stated a claim within one of the act's waivers of immunity is distinct from the issue of whether the claimant has asserted a claim "under" the act for purposes of section 101.106, as *Garcia* makes clear. Carroll further asserts that "common sense and logic dictate that not all claims against the government are [tort claims act] claims" and that the tort claims act was remedial in nature and not intended to eliminate remedies outside its scope. Regardless, we are bound to apply section 101.106 in accordance with controlling Texas Supreme Court precedent.

Under *Garcia*, Carroll's suit against Seton was a "suit under this chapter" for purposes of both subsections (a) and (e) of section 101.106. Consequently, the suit had the effect of barring Carroll's subsequent claims against the Seton nurses. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a). Therefore, the district court did not err in granting the Seton nurses' summary-judgment motion. We overrule Carroll's issues.

---

[2] In her response to the Seton nurses' summary-judgment motion, Carroll attempted to distinguish the holding in *Garcia* as "dicta." To the extent Carroll relies on that characterization of the supreme court's holdings here, we reject it.

[3] *See Texas Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587-88 (Tex. 2001); *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638-39 (Tex. 1999) (per curiam).

## CONCLUSION

Having overruled Carroll's issues, we affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   July 29, 2010