In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00126-CV
_____

CYNTHIA ABRON, Appellant

V.

UZOCHI OBIOHA, Appellee

**On Appeal from the 44th District Court
Dallas County, Texas
Trial Cause No. DC-19-16603**

## MEMORANDUM OPINION

In three issues on appeal, appellant Cynthia Abron challenges the trial court's order dismissing her suit against appellee Uzochi Obioha, M.D., under section 101.106(f) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). We affirm the trial court's judgment.

### BACKGROUND

In October 2019, Abron filed a health care liability claim against Obioha, asserting claims for negligence, gross negligence, and intentional infliction of

1

emotional distress related to conduct that occurred when Obioha provided Abron medical treatment. On November 22, 2019, Obioha filed a Motion to Dismiss under section 101.106(f) based on Abron having sued Obioha in her official capacity for care she provided Abron while working as an employee of a local governmental unit, Dallas County Hospital District d/b/a/ Parkland Health & Hospital System ("Parkland"). Obioha argued that since she is a physician employed by a local unit of government under the Texas Tort Claims Act (TTCA), Abron must file amended pleadings and elect to sue the governmental entity within thirty days of Obioha's filing of a 101.106(f) motion, or face dismissal. The record contains Obioha's affidavit, in which she averred that she was employed as a physician at Parkland and acting in the course and scope of her employment at all times she saw or treated Abron. The record also contains an employment verification letter dated January 3, 2020, verifying Obioha's current employment with Parkland and a hiring date of June 4, 2012.

Abron filed a response to Obioha's Motion to Dismiss and argued that section 101.106(f) does not apply in this case because the causes of action she asserted against Abron are statutorily barred from being brought against Parkland pursuant to section 101.021 of the TTCA. Abron further argued that the intentional tort she asserted against Obioha does not fall under the TTCA. According to Abron, official

2

immunity does not protect a physician for a public entity that has been sued in their individual capacity from liability for their individual medical decisions and actions.

The trial court entered an Order of Dismissal dismissing Abron's causes of action against Obioha for failure to conform to the statutory requirements for a suit against a government employed physician. The trial court found that (1) Obioha is employed by a local unit of government under the TTCA; (2) all of Obioha's contact with Abron was in Obioha's official capacity; (3) Abron failed to exercise her election of remedies after due and timely notice under section 101.106(f) based upon her causes of action being statutorily barred as against Parkland; (4) Abron failed to exercise the elections timely from the notice received on November 22, 2019, when Obioha filed the Motion to Dismiss; and (5) Abron contends that the third prong of 101.106(f) is not met as suit could not have been brought against the governmental unit.

## ANALYSIS

In issue one, Abron argues that the trial court erred by dismissing her suit under section 101.106(f) because Obioha failed to meet the third prong, which requires Obioha to show that Abron's suit could have been brought against Obioha's governmental employer under the TTCA. According to Abron, the trial court's Order of Dismissal explicitly found that her causes of action were statutorily barred against Obioha's governmental employer. In issue three, Abron argues that her gross

3

negligence and intentional infliction of emotional distress causes of action were improperly dismissed because they are not subject to the TTCA. We will be analyzing issues one and three together.

Obioha contends that Abron's argument that section 101.106(f) requires the employee to establish a waiver of the government's immunity to obtain dismissal is the same argument that the Texas Supreme Court rejected in *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011). According to Obioha, the *Franka* Court ruled that a government employee did not have to establish a waiver of immunity to be entitled to a dismissal under section 101.106(f), and Obioha maintains that all tort theories against a governmental unit are assumed to be under the TTCA even though it does not waive immunity for those torts. Obioha argues that the third prong of section 101.106(f) is not a waiver of immunity and only concerns whether the allegations arise under the TTCA, and Obioha contends that all of Abron's alleged torts arise under the TTCA.

Sovereign and governmental immunity exist to protect the State and its political subdivisions from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Sovereign immunity extends to various divisions of state government, including hospitals. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions*

4

*Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006). Without an express waiver of sovereign or governmental immunity, courts do not have subject-matter jurisdiction over suits against the State or its political subdivisions. *See State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224-25 (Tex. 2004).

The TTCA provides a limited waiver of immunity and has an election-of-remedies provision that is intended to force a plaintiff at the outset of her suit to determine whether to sue a responsible employee of a governmental unit in her individual capacity because she is solely liable, or to sue a governmental unit because the employee acted within the scope of her employment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106; *Garza v. Harrison*, 574 S.W.3d 389, 399 (Tex. 2019); *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017). If a plaintiff only sues a public employee in that employee's official capacity for conduct within the scope of employment, the employee can force the plaintiff to dismiss her suit against the employee and to file an amended petition against the governmental unit, because an official-capacity suit against an employee is merely another way of pleading a cause of action against a governmental employer. Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f); *Garza*, 574 S.W.3d at 399. Section 101.106(f) states:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in

5

the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). To be entitled to a dismissal under 101.106(f), the defendant employee must establish (1) she is an employee of a governmental unit, (2) the plaintiff's suit was based on conduct within the scope of defendant's employment with a governmental unit, and (3) the suit could have been brought against the governmental unit under the TTCA. *See id.*; *Laverie*, 517 S.W.3d at 752. We review a trial court's ruling on a motion to dismiss under section 101.106(f) de novo. *Garza*, 574 S.W.3d at 399.

Abron pleaded claims of negligence, gross negligence, and intentional infliction of emotional distress and sought exemplary damages from Obioha for conduct that occurred while she was providing Abron medical treatment within the general scope of her employment with Parkland. Abron's tort claims "could have been brought" under the TTCA against Parkland even though they do not fall within TTCA's waiver of immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f); *Franka*, 332 S.W.3d at 369, 375-85 (explaining that any tort claim against the government is brought under TTCA for purposes of section 101.106, even if the tort claim does not fall within TTCA's limited waiver of immunity); *Garcia*, 253 S.W.3d at 659 (providing that because the TTCA is the only avenue for common-law

6

recovery against the government, all tort theories alleged against a governmental unit are assumed to be under the TTCA). Section 101.106 "'bars any action[,]'" including an intentional tort and a claim of gross negligence. *Newman v. Obersteller*, 960 S.W.2d 621, 622-23 (Tex. 1997); *see Liu v. City of San Antonio*, 88 S.W.3d 737, 744 (Tex. App.—San Antonio 2002, pet. denied); *Enriquez v. Morsy*, No. 01-18-00877-CV, 2020 WL 4758428, at *16 (Tex. App.—Houston [1st Dist.] Aug. 18, 2020, no pet.) (mem. op.); *Enriquez v. Orihuela*, No. 14-18-00147-CV, 2019 WL 6872946, at *10 (Tex. App.—Houston [14th Dist.] Dec. 17, 2019, pet. denied) (mem. op.). We conclude that Obioha established that Abron's claims could have been brought against Parkland under the TTCA and that section 101.106(f) does not require Obioha to establish a waiver of the government's immunity to obtain a dismissal. We overrule issues one and three.

In issue two, Abron argues that the trial court erred in dismissing her case because the legislative intent of the Texas State Legislature in enacting section 101.106(f) was not to provide doctors employed by governmental entities blanket immunity from all malpractice claims related to their practice on behalf of a governmental employer. Abron fails to cite legal authority to support her argument; therefore, we find the argument was inadequately briefed. *See* Tex. R. App. P. 38.1(i) (providing that appellate brief must contain appropriate citations to authorities). We overrule issue two. Having overruled each of Abron's issues, we conclude that the

trial court did not err by dismissing Abron's suit against Obioha under section 101.106(f). Accordingly, we affirm the trial court's judgment.

AFFIRMED.

$\overline{\phantom{W. SCOTT GOLEMON}}$

W. SCOTT GOLEMON
Chief Justice

Submitted on June 4, 2021
Opinion Delivered November 4, 2021

Before Golemon, C.J., Kreger and Johnson, JJ.