Opinion issued
January 26, 2012


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-11-00641-CV

———————————

METROPOLITAN TRANSIT AUTHORITY OF
HARRIS COUNTY, TEXAS, Appellant

V.

EMILIA ROQUE BALTAZAR, Appellee



 



 

On Appeal from County
Civil Court at Law No. 4

Harris County, Texas



Trial
Court Case No. 958237

 



 

 

MEMORANDUM OPINION

          Metropolitan Transit Authority of
Harris County (“Metro”) appeals the trial court’s interlocutory order denying
its plea to the jurisdiction.[1]  In its sole issue, Metro contends that the
trial court erred in denying its plea because it has immunity pursuant to
subsection (b) of the election-of-remedies provision of the Texas Tort Claims
Act.[2]  

We affirm.

Background

          On March 17, 2010, Emilia Roque Baltazar sued Metro. 
Baltazar alleged that, while a passenger on a
Metro bus, she suffered personal injuries when the bus came to a sudden stop,
and she fell.  The bus was driven by Metro
employee, Michael Taylor.  Baltazar asserted that Taylor, while acting in the course
and scope of his employment, negligently operated the bus, causing her
injuries.  On February 17, 2011, Baltazar filed a first amended petition adding Taylor as a
defendant in addition to Metro.  On March
24, 2011, Metro filed a motion to dismiss asserting, 

          Under §101.106(e) of the Texas Tort
Claims Act [] “[i]f a suit is filed under this
chapter against both a governmental unit and any of its employees, the employee
shall immediately be dismissed on the filing of a motion by the governmental
unit.” Accordingly, METRO files this motion seeking this Court to dismiss
Plaintiff’s claims against Defendant Michael A. Taylor, because it lacks
jurisdiction over those claims.

          

Three weeks
later, and before the trial court ruled on Metro’s dismissal motion, Baltazar filed his second amended petition, omitting Taylor
as a defendant.  As she had done when she
originally filed suit, Baltazar named Metro as the
only defendant.  

Shortly
thereafter, Metro filed a plea to the jurisdiction.  It asserted that Baltazar’s
tort claims against it were barred by Tort Claims Act subsection 101.106(b)
because Baltazar had added Taylor as a defendant in her
first amended petition.  Subsection (b)
provides that the “filing of a suit against any employee of a governmental unit
. . . immediately and forever bars any suit or recovery by the plaintiff
against the governmental unit regarding the same subject matter unless the
governmental unit consents.”[3]  In its plea, Metro asserted, “[Baltazar] filed this suit against METRO and subsequently
its employee, Taylor, regarding the same subject matter.  At such time, as [Baltazar]
filed suit against Taylor, METRO’s governmental immunity from suit was
perfected as stated in l01.106(b).”

Baltazar responded to the plea by pointing to Tort Claims
Act subsection 101.106(a), which provides, 

          The filing of a suit under this
chapter against a governmental unit constitutes an irrevocable election by the
plaintiff and immediately and forever bars any suit or recovery by the
plaintiff against any individual employee of the governmental unit regarding
the same subject matter.[4]

 

          Citing
this provision, Baltazar asserted that when she
initially filed suit against Metro, she made an “irrevocable election” under
subsection 101.106(a), choosing Metro as her defendant, not Taylor.  Because the election was irrevocable, Baltazar argued that her addition of Taylor in her first
amended petition had no effect; that is, Metro remained her elected defendant,
and subsection 101.106(b) did not apply.

The trial
court denied Metro’s plea to the jurisdiction. 
Metro appeals the trial court’s order. 


Standard of Review

Governmental
immunity from suit defeats a trial court’s subject matter jurisdiction and is
properly asserted in a plea to the jurisdiction.  See
Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225–26 (Tex.
2004); Tex. Dep’t of Transp. v. Jones,
8 S.W.3d 636, 638 (Tex. 1999).  We review
de novo a trial court’s ruling on a jurisdictional plea.  Miranda,
133 S.W.3d at 226; see Kalyanaram v. Univ. of Tex. Sys., 230 S.W.3d 921, 927
(Tex. App.—Dallas 2007, pet. denied).  The
issue presented in this appeal requires this Court to interpret section 101.106
of the Tort Claims Act.  “The meaning of
a statute is a legal question, which we review de novo to ascertain and give
effect to the legislature’s intent.”  Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433, 437 (Tex. 2009); Galbraith Eng’g
Consultants, Inc. v. Pochucha, 290 S.W.3d 863,
867 (Tex. 2009).  In construing statutes,
our primary objective is to give effect to the legislature’s intent as
expressed in the language of the statute. 
Galbraith Eng’g
Consultants, 290 S.W.3d at 867; see
also Tex. Gov’t
Code Ann. § 312.005 (Vernon 2005) (“In
interpreting a statute, a court shall diligently attempt to ascertain
legislative intent and shall consider at all times the old law, the evil, and
the remedy.”).  “Where
text is clear, text is determinative of that intent.”  Entergy
Gulf States, 282 S.W.3d at 437.  “This general rule applies unless enforcing
the plain language of the statute as written would produce absurd results.”  Id.  We presume the legislature intended a just and
reasonable result when it enacted the statute. 
City of Rockwall
v. Hughes, 246 S.W.3d 621, 626 (Tex. 2008).

Discussion

In its sole
issue, Metro argues that the trial court erred in denying its plea to the
jurisdiction because Baltazar triggered the
application of Tort Claims Act subsection 101.106(b) when she sued both Metro
and Taylor in her first amended petition.  Metro asserts that subsection (b) grants it
immunity and bars any suit by Baltazar against Metro arising from her alleged fall on the bus. 

Sovereign and governmental immunity exist to protect the State and its
political subdivisions from lawsuits and liability for money damages because
such lawsuits hamper governmental functions by interfering with the appropriate
use of tax resources.  See Mission Consol. Indep.
Sch. Dist. v. Garcia, 253
S.W.3d 653, 655 (Tex. 2008). 
Even so, the State, and likewise its political subdivisions, may be sued
when the legislature has statutorily waived immunity.  See id.  We interpret statutory waivers of immunity
narrowly, and the legislature’s intent to waive immunity must be clear and
unambiguous.  Id. (citing Tex. Gov’t Code Ann. § 311.034).  

The Torts Claim Act establishes a limited waiver of immunity and
authorizes suits to be brought against governmental units in certain
narrowly-defined circumstances and with certain restrictions.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 101.001–009 (Vernon 2011); Tex. Dep’t of Criminal Justice v. Miller,
51 S.W.3d 583, 587 (Tex. 2001).  Relevant
to this case, the Act waives governmental immunity to the extent that liability
arises from the “use of a motor-driven vehicle or motor-driven equipment.”  See Tex. Civ. Prac.
& Rem. Code Ann. § 101.021(1)(A).

Metro does
not presently dispute that section 101.021 generally waives its immunity for personal
injury claims arising from an accident involving the use of a motor vehicle, such
as that asserted by Baltazar.  Nonetheless, Metro claims that, under the
procedural posture of this case, its immunity remains intact pursuant to
subsection Tort Claims Act 101.106(b). [5]  Under that provision, Metro contends that Baltazar is forever barred from suing Metro for damages
arising from her fall on the bus because she added Taylor to her suit in her first
amended petition.  As she did in the
trial court, Baltazar asserts that, under subsection
101.106(a), she elected to sue Metro when she filed suit and that election is
irrevocable.  She implicitly concedes
that it was improper for her to add Taylor as a defendant in her first amended
petition.

          Section 101.106, entitled “Election of Remedies,” provides,
in relevant part, as follows:

(a)      The
filing of a suit under this chapter against a governmental unit constitutes an
irrevocable election by the plaintiff and immediately and forever bars any suit
or recovery by the plaintiff against any individual employee of the
governmental unit regarding the same subject matter.

 

(b)     The
filing of a suit against any employee of a governmental unit constitutes an
irrevocable election by the plaintiff and immediately and forever bars any suit
or recovery by the plaintiff against the governmental unit regarding the same
subject matter unless the governmental unit consents.

 

. . . .

 

(e)      If
a suit is filed under this chapter against both a governmental unit and any of
its employees, the employees shall immediately be dismissed on the filing of a
motion by the governmental unit.

 

(f)      If
a suit is filed against an employee of a governmental unit based on conduct
within the general scope of that employee’s employment and if it could have
been brought under this chapter against the governmental unit, the suit is
considered to be against the employee in the employee’s official capacity only.
 On the employee’s motion, the suit
against the employee shall be dismissed unless the plaintiff files amended
pleadings dismissing the employee and naming the governmental unit as defendant
on or before the 30th day after the date the motion is filed.

 

Tex.
Civ. Prac. & Rem. Code Ann. § 101.106
(Vernon 2011).

          The Supreme Court of Texas has stated
that the legislature enacted the current version of section 101.106 “to force a
plaintiff to decide at the outset whether [a governmental] employee acted
independently and is thus solely liable, or acted within the general scope of
his or her employment such that the governmental unit is vicariously liable,
thereby reducing the resources that the government and its employees must use
in defending redundant litigation and alternative theories of recovery.”  Garcia,
253 S.W.3d at 657. 
“By requiring a plaintiff to make an irrevocable election at the time
suit is filed between suing the governmental unit under the Tort Claims Act or
proceeding against the employee alone, section 101.106 narrows the issues for
trial and reduces delay and duplicative litigation costs.”  Id.;
see Alexander v. Walker, No. 01–10–00147–CV, 2011 WL 2500482, at
*4 (Tex. App.—Houston [1st Dist.] June 23, 2011, no pet.)
(stating that “[t]he plain language of [sections
101.106(a) and (b)] suggests that the legislature intended for the plaintiff’s
election to occur when the plaintiff first files suit.”). 


          Subsections
101.106(a) and (b) operate as mirror provisions of one another.  See City of Houston v. Esparza, No. 01-11-00046-CV, 2011 WL 4925990, at *9
(Tex. App.—Houston [1st Dist.] October 7, 2011, no pet.
h.) (op. on reh’g); see also Alexander, 2011 WL 2500482, at *3.  When a claimant elects to sue a
governmental unit instead of its employee, subsection (a) immediately and
forever bars the claimant from bringing common law tort claims regarding that
subject matter against its employees.  Esparza, 2011 WL 4925990, at *9 (citing Kamel v. Univ. of Tex. Health Ctr., 333
S.W.3d 676, 687 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); Hintz v. Lally,
305 S.W.3d 761, 771 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); see Zimmerman v. Anaya, 2011 WL 1234685,
at *2–3 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, pet.
denied) (holding that when claimant originally sued
governmental unit and later added employee as defendant, employee was entitled
to dismissal under subsection (a)).  “Concordantly,
under . . . subsection (b), once a claimant elects to sue a government employee
instead of its governmental employer, subsection (b) immediately and forever
bars the claimant from bringing common law tort claims regarding that subject
matter against the employer.”[6]  See Esparza, 2011 WL 4925990, at *9 (footnotes omitted); see also Alexander, 2011 WL 2500482, at *3.

          We
agree with Baltazar that subsection (a) applies here,
not subsection (b).  By originally filing
suit against Metro alone, Baltazar irrevocably elected
Metro as her chosen defendant, forever foregoing any common law tort claims
against Taylor arising from her fall on the bus.  See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a);
see Esparza, 2011 WL
4925990, at *5.  Once suit is filed
against a governmental unit, a claimant is not permitted to change targets to
the employee.  See Hintz, 305 S.W.3d at 769 (stating, “[O]nce
the plaintiff makes an ‘irrevocable election’ by suing only the employer, there
is no statutory mechanism to change targets and sue the employee instead.”).  It was not appropriate for Baltazar to add Taylor as a defendant in her first amended
petition, and she properly non-suited him in her second amended petition.  See id.
(likening effect of provisions of section 101.106 to a
“one-way door” that operates to remove employee from suit, while permitting
suit to be maintained against government employer and stating that such
interpretation “comports with the legislature’s goal to address efforts to
circumvent the Tort Claims Act’s limits by litigants who sued governmental
employees individually instead of their governmental employers”).   It follows that subsection (b) has no
application to this case.  

We conclude
that, when she initially
sued Metro, Baltazar satisfied the requisites of the election-of-remedies
provision by
irrevocably electing Metro as her defendant under subsection 101.106(a).[7]  See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.106(a); see also Esparza,
2011 WL 4925990, at *10. 
We hold that, if she
has otherwise complied with the jurisdictional requisites of the Tort Claims
Act, Baltazar is not barred from pursuing her claims
against Metro, her elected defendant.[8]  See id.  The trial court properly denied Metro’s
plea to the jurisdiction.  

We overrule
Metro’s sole issue. 

Conclusion

          We affirm the order of the trial court denying Metro’s plea
to the jurisdiction.

 

                                                                      Laura Carter Higley

                                                                      Justice 

 

Panel consists of Chief Justice Radack and Justices
Higley and Brown.











[1]         See
Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(8) (Vernon
2008).

 





[2]         See
Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b)
(Vernon 2011).   





[3]         Id.

 





[4]         Id. § 101.106(a).





[5]
        The Supreme Court of Texas has
stated that that “section 101.106 is an immunity
statute.”  Newman v. Obersteller,
960 S.W.2d 621, 623 (Tex. 1997). 
Recently, the supreme court reiterated this
position in Franka v. Velasquez, 332 S.W.3d 367 (Tex.
2011).  There, the court, citing Newman, stated that section 101.106 is a
statute which confers immunity.  Id. at 371 n.9 (citing, 960
S.W.2d at 623).   





[6]
        “This election may be subject to the effect of subsection (f), where it
applies.”  City
of Houston v. Esparza, No.
01-11-00046-CV, 2011 WL 4925990, at *9 n.20 (Tex. App.—Houston [1st Dist.] October 7, 2011, no pet.
h.) (op. on reh’g).





[7]
        The briefing also raises the
question of whether subsection 101.106(e) applies.  We stated in Esparza that the filing of suit against both the employee and the
governmental unit invokes subsection (e). 
See id. at
*10 (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e)).  Here, unlike in Esparza, the plaintiff, Baltazar,
originally filed suit against only the governmental unit, Metro.  Cf. id.
at *1 (involving suit filed against city and city
employee).  Baltazar
did not initially file suit against the employee, Taylor.  Even assuming subsection (e) was invoked when
Baltazar added Taylor as a defendant,
the result would be the same.  By
operation of subsection (e), Baltazar’s filing of
suit against both defendants and Metro’s filing of the motion to dismiss Taylor
would result in a forced election of Metro as the defendant against whom Baltazar would seek recovery.  See id.
at *10.

 





[8]
        We note that Metro has not
challenged Baltazar’s compliance with the Tort Claims
Act jurisdictional requirements, other than the election-of-remedies provision.  Baltazar’s claims
against Metro arise from an accident on a bus. 
The Tort Claims Act waives
governmental immunity to the extent that liability arises from the “use of a
motor-driven vehicle or motor-driven equipment.”  See Tex. Civ. Prac.
& Rem. Code Ann. § 101.021(1)(A) (Vernon 2011). 
However, exceptions apply to this waiver of immunity.  See, e.g., Tex. Civ. Prac. &
Rem. Code Ann. § 101.055(2)
(Vernon 2011).  In addition, the Tort
Claims Act has certain procedural
requirements with which a claimant must comply to obtain waiver of immunity to
sue a governmental unit.  See, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 101.101 (Vernon
2011) (setting out pre-suit notice requirement).